UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                                    Case No. 03-cr-202-01-JD

Luis Antonia Caraballo

## O R D E R

Defendant moves to reduce his sentence based upon the recent amendments to the Federal Sentencing Guidelines regarding cocaine base ("crack cocaine") offenses (document no. 87). For the reasons stated below, the motion to reduce sentence is DENIED.

On May 1, 2007, the United States Sentencing Commission (the "Commission") submitted to Congress an amendment to the Federal Sentencing Guidelines that lowers the guideline sentencing range for certain categories of offenses involving crack cocaine. Specifically, the amendment adjusts downward by two levels the base offense level assigned to each threshold quantity of crack cocaine listed in the Drug Quantity Table in §2D1.1 and provides a mechanism for determining the guideline range for offenses involving crack cocaine and other controlled substances. This amendment took effect November 1, 2007.

Pursuant to 28 U.S.C. § 994(u), the Commission also determined that this guideline amendment would be applied retroactively to offenders who were sentenced under prior versions of the Guidelines Manual and who are incarcerated.  The Commission set the effective date for the retroactive application of this amendment to be March 3, 2008, at which time reductions in sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive application of the crack cocaine amendment will be authorized.

After having reviewed the offense for which the defendant was convicted in this district and upon which he is presently incarcerated, it is determined that defendant is not eligible to seek a reduced sentence under this amendment.  The presentence report (using the November 1, 2004 edition of the Guidelines Manual) determined the defendant was responsible for 5.68 grams of cocaine base, which resulted in a base offense level of 26. After applying a three level reduction for acceptance of responsibility, the defendant's total offense level was determined to be 23.  Based on the defendant's criminal record, however, he was determined to be a career offender pursuant to USSG §4B1.1.  Therefore, his adjusted offense level was determined to be 32, his total offense level (after applying a three level reduction for acceptance of responsibility) to be 29,

his criminal history category to be VI and his advisory guideline range to be 151 to 188 months.

During the sentencing hearing the court adopted the facts and findings set forth in the presentence report and, after granting a request for a downward departure and a non-guideline sentence, imposed the following sentence:  The defendant was sentenced to 90 months imprisonment with a recommendation for the Bureau of Prisons drug treatment program and five years of supervised release.

The amended guideline range is determined by substituting only the retroactive crack cocaine amendment to the guidelines as applied at the original sentencing and all other guideline application decisions for the original sentencing remain unaffected.  After applying the retroactive application of the crack cocaine amendment, the defendant receives a two level reduction in his base offense level from level 26 to level 24.  However, there is no reduction in his total offense level because he was deemed to be a career offender.  Therefore, pursuant to USSG §1B1.10(a)(2)(B), the retroactive amendment does not have the effect of lowering the defendant's imprisonment guideline range.

Therefore, for the foregoing reasons, defendant's motion to reduce sentence (document no. 87) is DENIED.

**SO ORDERED.**

```
Date:    April 4,2008      /s/ Joseph A. DiClerico, Jr.
                           Joseph A. DiClerico, Jr.
                           United States District Judge



cc:  Luis Antonio Caraballo, pro se
     Counsel of Record
```